UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA C., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 23-cv-01030-JLB <br><br> **ORDER GRANTING IN PART JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** <br><br> **[ECF No. 14]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and Costs Pursuant to 28 U.S.C. § 1920. (ECF No. 14.) For the following reasons, the joint motion is **GRANTED in part**.

I.   BACKGROUND

On June 2, 2023, Plaintiff Victoria C. ("Plaintiff") filed a complaint seeking judicial review of the denial of her application for supplemental security income by the Commissioner of Social Security (the "Commissioner"). (ECF No. 1.) The parties filed a

joint motion for voluntary remand to the agency pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment on July 17, 2023. (ECF No. 11.) The Court granted the joint motion, remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and directed the Clerk of Court to enter a final judgment in favor of Plaintiff. (ECF Nos. 12; 13.)

On August 14, 2023, the parties filed the instant joint motion requesting the Court award Plaintiff's attorney fees and expenses in the amount of $1,300.00[1] and no costs. (ECF No. 14 at 1.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*) On August 23, 2023, the Court held a Status Conference regarding the joint motion. (ECF No. 16.)

## II.   DISCUSSION

A litigant is entitled to attorney's fees and costs under the EAJA if: "(1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a

---

[1] Plaintiff's counsel declares that she spent 3 hours at an hourly rate of $242.78 and the paralegal spent 3.5 hours at an hourly rate of $160 working on this case, for an itemized total of $1,312.62. (ECF Nos. 14 at 1; 14-1.) However, the parties negotiated a lesser amount, and in the parties' joint motion the total fee requested was $1,300.00. (ECF No. 14 at 1.)

sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 611–12 (9th Cir. 2007).

Here, the Court finds the parties' joint motion is timely[2] and that Plaintiff is entitled to an adjusted amount of EAJA fees. First, the Court remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment for Plaintiff. (ECF Nos. 12; 13.) Plaintiff is therefore the prevailing party, for "[a] plaintiff who obtains a sentence four remand," even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schalala v. Schaefer*, 509 U.S. 292, 301–02); *see also Roland S. v. Saul*, No. 3:20-CV-01068-AHG, 2021 WL 4081567, at *2 (S.D. Cal. Sept. 7, 2021) (finding the plaintiff to be the prevailing party where the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g) based on a joint motion for voluntary remand).

Second, the Commissioner makes no argument that her position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified."). Rather, the Commissioner filed a joint motion to voluntarily remand this case for further administrative proceedings, and the instant fee request comes to the Court by way of a joint motion. *See Ulugalu v. Berryhill*, No. 17-CV-01087-GPC-JLB, 2018 WL 2012330, at *3 (S.D. Cal. Apr. 30, 2018) (finding the Commissioner did not demonstrate substantial justification for her position

---

[2] The instant joint motion was filed before the judgment became final. However, this Court finds, as other courts have, that prematurity does not bar a motion for EAJA fees. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986); *Sergio C. v. Kijakazi*, No. 20-CV-02270-AHG, 2022 WL 1122847, at *2 (S.D. Cal. Apr. 14, 2022) (applying *Auke Bay* to conclude a plaintiff's EAJA fee application in a Social Security case was not premature where the court had remanded for payment of benefits, despite the application being filed before the sixty-day appeal period had run).

where she filed a voluntary stipulation for remand and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability).

Next, Plaintiff's requested fees for counsel are reasonable. Plaintiff's counsel declares that she spent 3 hours at an hourly rate of $242.78. (ECF No. 14-1.) The counsel's hours are reasonable in light of Plaintiff's results in the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *see also Mendez v. Kijakazi*, No. 21-CV-1523-LL-KSC, 2023 WL 3011973, at *2 (S.D. Cal. Apr. 19, 2023) (finding 4.3 hours of work performed by counsel and 2.3 hours by a paralegal reasonable when the parties moved for remand before an Administrative Record had been filed). Notably, this case was resolved early in Plaintiff's favor. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases.").

The hourly rate billed by Plaintiff's counsel is also reasonable. Counsel's hourly rate of $242.78 for work done in 2023 is the same as the Ninth Circuit's EAJA hourly rate. *See Statutory Maximum Rates Under the EAJA*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Aug. 30, 2023); *see also Roland S.*, 2021 WL 4081567, at *3 (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

However, the Court finds that both the number of hours and the hourly rate billed by the paralegal require reduction. Plaintiff's counsel declares that the paralegal spent 3.5 hours at an hourly rate of $160 working on this case. (ECF Nos. 14 at 1; 14-1.) Under the EAJA, paralegals may not bill for purely clerical tasks. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate."). Purely clerical tasks include "filing, transcript, and document organization." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Rosemary G. V. v. Saul*, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *4 (S.D. Cal. Nov. 12, 2020) ("Receipt of a court order or case filing is also clerical in nature." (internal citations

omitted)). Here, the paralegal billed 0.2 hours for "receipt of order granting IFP" on July 6, 2023, and 0.2 hours for "receipt of judgment" on July 17, 2023. (ECF No. 14-1.) The Court finds these 0.4 hours clerical in nature and, as such, excludes them from the EAJA fee award, resulting in an adjusted total of 3.1 hours of paralegal work. The revised total is reasonable. *See Nadarajah*, 569 F.3d at 921 (reducing the compensable hours to exclude hours the paralegal recorded for clerical work).

The Court also finds the parties failed to establish that the requested paralegal rate of $160.00 is reasonable. *See id.* at 918 (noting courts may approve paralegal rates at prevailing market rates); *Lisa M. v. Kijakazi*, No. 21-CV-01501-JLB, 2022 WL 17069826, at *2 n.2 (S.D. Cal. Nov. 17, 2022) (finding a paralegal rate of $143.00 reasonable for work completed in 2021 and 2022 in San Diego); *Jacqueline K. v. Kijakazi*, No. 3:21-CV-00405-AHG, 2022 WL 17884451, at *3 (S.D. Cal. Dec. 23, 2022) (reducing the requested paralegal rate to $143.00 per hour due to the parties' failure to support the request). The joint motion is devoid of information about the paralegal's experience or education or any evidentiary support regarding the median hourly rate for paralegals in San Diego in the first half of 2023. Accordingly, the Court reduces the paralegal rate from $160.00 to $143.00, the hourly rate recently approved by multiple courts in this district.[3] *See, e.g.*, *Mendez*, 2023 WL 3011973, at *2; *Lisa M.*, 2022 WL 17069826, at *2 n.2; *Jacqueline K.*, 2022 WL 17884451, at *3; *Martha G. v. Kijakazi*, No. 21-CV-01702-JLB, 2022 WL 17069832, at *2 (S.D. Cal. Nov. 17, 2022).

### E.     Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to [Plaintiff], but if the Department of the Treasury determines that [Plaintiff] does not owe a federal debt, then

---

[3]    In the Status Conference held on August 23, 2023, the Court raised this issue with the parties. When provided the option, Plaintiff's counsel preferred to have the Court reduce the paralegal rate to $143.00 per hour, rather than having the parties refile the motion with additional support. (*See* ECF No. 16.)

the government shall cause the payment of fees, expenses and costs to be made directly to [Plaintiff's counsel], pursuant to the assignment executed by [Plaintiff]." (ECF Nos. 14 at 2; 14-2 ¶ 4 ("Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.").)

"[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588 (2010). However, this "does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4. Here, Plaintiff assigned her EAJA fees to her attorney at the Law Offices of Lawrence D. Rohlfing, Inc., CPC. (ECF No. 14-2.) Therefore, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to attorney Laura E. Krank pursuant to the assignment agreement and the parties' joint motion.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS in part** the parties' joint motion and **AWARDS** Plaintiff fees in the reduced amount of $1,171.64,[4] as authorized by 28 U.S.C. § 2412(d), subject to the terms of the joint motion. **IT IS SO ORDERED.**

Dated: August 31, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[4] Plaintiff's counsel spent 3 hours at an hourly rate of $242.78 for a total of $728.34. The associated paralegal spent a reduced 3.1 hours at a reduced hourly rate of $143.00 for a total of $443.30. Thus, the total costs and fees reflecting the revised paralegal rate is $1,171.64.